UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Patrick Joseph Cassidy, #HC01142157478 | ) C/A No.  4:21-cv-02647-MBS-TER |
| Plaintiff, | ) |
| vs. | ) ORDER |
| Cpl. Shellia Falvo, Lt. Robert Schomp, Sgt. Lisa Picone, Major Joey Johnson, Nurse K. Krystanowicz, Nurse L. Lagan, Nurse K. Jones, Nurse D. Winns, Officer Cox, Officer Loos, C/O Smith, *Housing Unit Manager*, | ) |
| Defendants. | ) |

This is a civil action filed by a pretrial detainee. A serve order as to all Defendants was entered on November 5, 2021, and summonses were issued. (ECF Nos. 28, 30). Several attorneys entered notices of appearance on behalf of some of the defendants. (ECF Nos. 35-37).

On December 14, 2021, summons returned unexecuted as to Defendant Loos. (ECF No. 40). The Marshal's notation on the Form USM-285 indicated Defendant Loos could not be served because he was no longer employed with Horry County and there was no information on new employment. (ECF No. 40 at 2).On December 29, 2021, the magistrate judge ordered Plaintiff to provide updated service forms with more specific identifying information for Loos if Plaintiff desired to attempt service upon Loos again. Plaintiff was warned: "Plaintiff is hereby warned that if he does not respond to this Order and/or does not provide a new summons and Form USM-285 for Defendant Loos with additional identifying information, Defendant Loos may be dismissed without prejudice." (ECF No. 43).

On January 18, 2022, Plaintiff filed a motion for extension of time to respond. (ECF No. 45). On February 2, 2022, the magistrate judge entered an order: "On January 18, 2022, the court received a letter requesting an unspecified amount of time for Plaintiff to file a FOIA request to obtain the first

name of Loos. Plaintiff notes that Loos is no longer employed at the detention center. (ECF No. 45 ). Plaintiff is granted 21 days to provide additional service documents for Loos. Plaintiff is on notice that the Federal Rules of Civil Procedure provide a mechanism called discovery for procuring certain information from Defendants who have already filed an answer in this action and Plaintiff may avail himself of such mechanism. Response is extended until February 25, 2022." (ECF No. 50).

Plaintiff did not respond to this order and the time for a response has passed.  Plaintiff has not complied appropriately with the order and has not provided further identifying information regarding Defendant Loos sufficient to re-issue service. Plaintiff's lack of an appropriate response indicates an intent to not prosecute this case against Defendant Loos and subjects this defendant to dismissal.  *See* Fed. R. Civ. P. 41(b); *see also Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989)(dismissal with prejudice appropriate where warning given); *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982)(court may dismiss *sua sponte*). A complaint may be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. *Ballard v. Carlson*, 882 F.2d 93 (4th Cir. 1989), *cert. denied* 493 U.S. 1084 (1990) and *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919 (4th Cir. 1982).  In considering whether dismissal is appropriate pursuant to Rule 41(b), the court is required to consider four factors:

  (1) the degree of plaintiff's responsibility in failing to respond;
  (2) the amount of prejudice to the defendant;
  (3) the history of the plaintiff in proceeding in a dilatory manner; and,
  (4) the existence of less drastic sanctions other than dismissal.

*Davis v. Williams*, 588 F.2d 69 (4th Cir. 1978).

In the present case, Plaintiff is proceeding *pro se* and he is entirely responsible for his actions. It is solely through Plaintiff, and not that of an attorney, that Plaintiff has not provided additional, appropriate information in order to complete service on Defendant Loos. Plaintiff was previously

warned that: "The providing of sufficient, accurate, and complete information on the Form USM-285 is the responsibility of Plaintiff." The court has "inherent power to manage its docket in the interests of justice." *Luberda v. Purdue Frederick Corp.*, No. 4:13-cv-00897, 2013 WL 12157548, at *1 (D.S.C. May 31, 2013). It also has the authority expressly recognized in Rule 41(b) to dismiss actions for failure to prosecute. Fed. R. Civ. P. 41(b). "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962).

Moreover, Rule 4(m) of the Federal Rules of Civil Procedure provides that where a particular defendant is not served within 90 days after the complaint is filed, the court may dismiss an action without prejudice as to that particular defendant. Case law interpreting Rule 4(m) and its predecessor has uniformly held that dismissal is mandatory unless good cause is shown. Service of the Complaint as to Defendant Loos was due by February 3, 2022, and has not been completed.

Accordingly, Defendant Loos is dismissed from this action without prejudice pursuant to Federal Rule of Civil Procedure 41(b) or, in the alternative, under Federal Rule of Civil Procedure 4(m).

**IT IS SO ORDERED.**

March 29, 2022
Columbia, South Carolina

/s/Margaret B. Seymour
Margaret B. Seymour
Senior United States District Judge